| B 104 (Rev.2/92) | ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) 03-0139(S) |
|---|---|---|
| **PLAINTIFFS** GLORIA E. RAMOS NIEVES | **DEFENDANTS** BANCO POPULAR DE PUERTO RICO | |

RECEIVED AND FILED
CASHIER 3

03 SEP 16 PM 2:31

US BANKRUPTCY COURT
DISTRICT OF

| ATTORNEYS (Firm Name, Address, and Telephone No.) JUAN M. SUAREZ COBO 138 WINSTON CHURCHILL AVE., SUITE 316 SAN JUAN, PUERTO RICO 00926-6023 Phone: (787) 791-1818  Fax: (787) 791-4260 | ATTORNEYS (If Known) ONEIDA PEREZ ACOSTA, ESQ. CONSUMER BANKRUPTCY DEPARTMENT P.O. BOX 36618, SAN JUAN, P.R. 00936-6818 |
|---|---|

**PARTY** (Check one box only)  ☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   ☒ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**WILLFUL VIOLATION OF AUTOMATIC STAY**

**NATURE OF SUIT**
(Check the one most appropriate box only)

- ☐ 454 To Recover Money or Property
- ☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property
- ☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
- ☐ 424 To object or to revoke a discharge 11 U.S.C. § 727
- ☐ 455 To revoke an order of confirmation of a Chap. 11 or Chap. 13 Plan
- ☐ 426 To determine the dischargeability of a debt 11 U.S.C. § 523
- ☒ 434 To obtain an injunction or other equitable relief
- ☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan
- ☐ 456 To obtain a declaratory judgment relating to any of the foregoing causes of action
- ☐ 459 To determine a claim or cause of action removed to a bankruptcy court
- ☐ 499 Other (specify)

**ORIGIN OF PROCEEDINGS** (Check one box only.) Bankruptcy
☒ 1 original Proceeding  ☐ 2 Removed Proceeding  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another Court   ☐ CHECK IF THIS A CLASS ACTION UNDER F.R.C.P. 23

| **DEMAND** | NEAREST THOUSAND $ 7,500.00 | OTHER RELIEF SOUGHT PUNITIVE DAMAGES | ☐ JURY DEMAND |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR GLORIA E. RAMOS NIEVES / | BANKRUPTCY CASE NO. 03-03426-SEK/C | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING District of PUERTO RICO | DIVISIONAL OFFICE | NAME OF JUDGE HON. SARA DE JESUS |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

**FILING FEE** (Check one box only)   ☐ FEE ATTACHED   ☒ FEE NOT REQUIRED   ☐ FEE IS DEFERRED

| DATE September 15, 2003 | PRINT NAME JUAN M. SUAREZ COBO, ESQ. | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|---|---|

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br>GLORIA E. RAMOS NIEVES<br><br>DEBTOR | CASE NO. 03-03426-SEK/C<br><br>CHAPTER 13 |
| GLORIA E. RAMOS NIEVES<br><br>Plaintiff<br><br>Vs.<br><br>BANCO POPULAR DE PUERTO RICO, JOHN DOE AND RICHARD ROE<br><br>Defendant(s) | ADV.PROC.NO. 03-0139<br><br>WILLFUL VIOLATION OF AUTOMATIC STAY |

## COMPLAINT

**TO THE HONORABLE COURT:**

Comes now, **Gloria E. Ramos Nieves,** Plaintiff herein through the undersigned attorney, and very respectfully presents the following complaint:

### JURISDICTION OF THIS COURT

Jurisdiction is invoked under 28 United State Code U.S.C. §157 (a)(b)(1) and §1334. This proceeding is a core proceeding.

### VENUE

Venue is proper in this District Court under 28 U.S.C. §1408 & §1409, in as such as all the events or omissions giving rise to

2

the claims of the captioned case occurred within the territory of this jurisdictional district.

**PARTIES**

1. GLORIA E. RAMOS NIEVES, hereinafter Plaintiff, is a debtor in a Chapter 13 case under the Bankruptcy Code.

2. Defendant, BANCO POPULAR, hereinafter POPULAR, is a corporation organized under the laws of the Commonwealth of Puerto Rico.

3. Co-defendants, JOHN DOE AND RICHARD ROE, are fictitious names for unknown persons that participated in acts against plaintiff in violation of the automatic Stay Order (11 U.S.C.§ 362), are responsible for the damages and acts alleged in this complaint.

**FACTS**

4. On April 2, 2003, plaintiff filed a Chapter 13 Bankruptcy petition.

5. POPULAR was informed that all actions or proceedings to enforce any claims or to levy on property of plaintiff subsequent to the filing of the aforesaid petition were stayed by law.

6. POPULAR was duly notified by Chapter 13 Trustee and knew of the filing of the bankruptcy.

7. As reflected in the §341 meeting minutes, dated May 19, 2003, docket entry number (7), a representative of Popular was present at said meeting. This clearly demonstrate that they knew of the bankruptcy petition and of the automatic stay in effect.

8. Notwithstanding that POPULAR, its employee, agent, representative and/or contractor knew of the filing of the bankruptcy petition and having been informed that they are stayed by law from proceeding further with levying upon debtor's property and/or estate property the aforesaid POPULAR, its employee, agent, representative and/or contractor continued collection efforts against debtor.

9. On or about June 20, 2003 debtor received Statement of account, in which payment was unilaterally withdrawn from debtors account as payment for the prepetition debt and in which charges were assessed against debtor, and the existing prepetition debt.

10. These collection attempts occurred since the filing of the petition and continue to occur, even after debtor's attempts to stop these collection actions.

11. The actions perpetrated by POPULAR and/or its employee, agent, representative and/or contractor are a clear and willful violation to Bankruptcy Law and of the automatic stay in effect.

## CIVIL CONTEMPT AND 11 U.S.C. §362 VIOLATION

12. Plaintiff realleges each and every preceding allegation as if fully set herein.

13. In doing so, defendant Banco Popular, acted with knowledge that plaintiff had previously filed a bankruptcy petition and that such act were a willful violation of the Automatic Stay Order.

14. In doing so, defendant Banco Popular's employee, agent, representative and/or contractor acted with knowledge that plaintiff had previously filed a bankruptcy petition and that such act were a willful violation of the Automatic Stay Order.

15. Such actions were willful and egregious in violation of the Automatic Stay Order.

16. Defendant had knowledge of the wrongs conspired as aforesaid, had the power to prevent them or the power to aid in preventing the commission of the same, neglected and refused to do so.

17. As a result of the defendant's, its employee, agent, representative and/or contractor, intentional, deliberate and unlawful conduct, the plaintiff is entitled to compensatory damages in the amount of $7,500.00, for suffering and mental anguish.

18. The defendant's intentional and deliberate actions are in reckless disregard of this Honorable Court orders, namely the Automatic Stay Order, for which punitive damages in an amount of not less than $15,000.00 dollars should be awarded to the plaintiff.

19. All defendants are jointly and severally liable to the plaintiff.

20. As a result of the defendant's deliberate actions, the plaintiff is entitled to costs and attorney's fees.

21. The actions perpetrated by "POPULAR", employee, agent, representative and/or contractor, are a clear and willful violation to Bankruptcy Law and of the automatic stay, pursuant to 11 U.S.C. §362

22. It has been necessary for the plaintiff to retain Suarez Cobo Law Offices, PSC, to prosecute the litigation based upon the

Automatic Stay violations, and counsel has incurred and will incur costs and other related expenses in prosecuting this action.

**WHEREFORE**, in view of the foregoing, the plaintiff respectfully requests this Honorable Court to grant judgment in favor of the plaintiff in the following manner:

    i. $7,500.00 in actual damages against Banco Popular .

    ii. $15,000.00 in punitive damages against Banco Popular.

    iii. Costs and attorney's fees pursuant to 11 U.S.C. §362(h).

    iv. An order to **Cease And Desist From Violations Of The Automatic Stay**, against Banco Popular its agent, representative and/or contractor.

    v. That Banco Popular , be held in contempt of court for willful violation of the automatic stay order.

    vi. Any other relief that this Honorable Court may deem appropriate.

**RESPECTFULLY SUBMITTED.**

In Carolina, Puerto Rico this September 15, 2003.

                          JUAN M. SUAREZ COBO
                               USDCPR 211010
                  138 Winston Churchill Ave.

Suite 316
San Juan, P.R. 00926-6023
Tel. 787-791-1818
Fax: 787-791-4260

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br>GLORIA E. RAMOS NIEVES<br>Debtor(s) | CASE NO. 03-03426-SEK/C<br>CHAPTER 13 |
| GLORIA E. RAMOS NIEVES<br>Plaintiff(s)<br><br>Vs.<br><br>BANCO POPULAR DE PUERTO RICO<br>Defendant(s) | ADV.PROC.NO. 03-0139 (SEK) |

RECEIVED AND FILE
CASHIER 3
03 SEP 16 PM 2:33
US BANKRUPTCY COURT
FOR THE DISTRICT OF
PUERTO RICO

## SUMMONS

To the above named defendant(s): BANCO POPULAR DE PUERTO RICO C/O Richard Carrión or current president, P.O. BOX 362708, SAN JUAN, P.R. 00926.

You are hereby summoned and required to serve upon **Juan M. Suárez Cobo, Esq.** plaintiff's attorney (or if plaintiff is not represented by counsel, upon plaintiff), whose address is **138 Winston Churchill Ave., Suite 316, San Juan, P.R. 00926-6023**, either a motion or an answer to the complaint which is now served upon you. If you elect to respond first by motion, as you may pursuant to Bankruptcy Rule 7012, that rule governs the time within which your answer must be served. Otherwise, you are required to serve and answer upon plaintiff's attorney (or upon plaintiff if plaintiff is not represented by counsel) within thirty (30) days of the date of issuance of this summons by the clerk (or by the following date prescribed by the Court _____, except that the United States or an office or agency thereof shall serve an answer to the complaint within thirty five (35) days after the date of issuance of the summons.

If this summons and complaint is served in a foreign country or by publication your answer must served by the following date prescribed by the Court:_____ _____.

The motion or answer served by you must be filed with this Court.

**IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS SUMMONS, JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF DEMANDED BY THE COMPLAINT.**

CELESTINO MATTA-MENDEZ
Clerk of Bankruptcy Court

By: _____
Deputy Clerk



SEP 1 6 2003

DATE OF ISSUANCE: _____